UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HOLLI M.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

3:23-CV-0095
(ML)

APPEARANCES:

LACHMAN, GORTON LAW FIRM
  Counsel for the Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

SOCIAL SECURITY ADMINISTRATION
  Counsel for the Defendant
Social Security Administration
6401 Security Boulevard
Baltimore, Maryland 21235

OF COUNSEL:

PETER A. GORTON, ESQ.

GEOFFREY M. PETERS, ESQ.
Special Assistant U.S. Attorney

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

in connection with those motions on February 22, 2024, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is GRANTED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 14) is DENIED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4) This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: February 27, 2024
     Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
HOLLI M.,

                        Plaintiff,

vs.                                          3:23-CV-95

MARTIN J. O'MALLEY,
Commissioner of Social Security,

                        Defendant.

------------------------------------------------------x
```

**DECISION - February 22, 2024**
**the HONORABLE MIROSLAV LOVRIC**
**United States Magistrate Judge, Presiding**


<u>APPEARANCES</u> (by telephone)

```
For Plaintiff:    LACHMAN, GORTON LAW FIRM
                  Attorneys at Law
                  1500 East Main Street
                  Endicott, NY 13761
                    BY:  PETER A. GORTON, ESQ.

For Defendant:    SOCIAL SECURITY ADMINISTRATION
                  6401 Security Boulevard
                  Baltimore, MD 21235
                    BY:  GEOFFREY M. PETERS, ESQ.
```

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1            THE COURT:  Plaintiff has commenced this proceeding
2   pursuant to Title 42, United States Code, Section 405(g) to
3   challenge the adverse determination by the Commissioner of
4   Social Security finding that she was not disabled at the
5   relevant times and therefore ineligible for the benefits that
6   she sought.
7            By way of background, the Court notes as follows.
8   Plaintiff was born in 1965.  She is currently approximately
9   58 years of age.  She was approximately 51 years old on the
10  date of her application for benefits.  Plaintiff stands
11  approximately 5 feet, 3 inches in height, and weighs
12  approximately 130 pounds.
13           Plaintiff is a high school graduate who attended
14  regular education classes, and attended community college for
15  several years but did not obtain a degree.  She has also
16  completed a restaurant management training program through a
17  former employer.  Plaintiff's employment history includes
18  work as a manager at a fast food restaurant, a baker,
19  cashier, and a secretary.
20           At the time of her most recent administrative
21  hearing on October 4, 2022, Plaintiff resided with her adult
22  son and nine-year-old grandson.  Plaintiff has had custody of
23  her grandson since he was approximately 19 months old and
24  serves as his primary caregiver.
25           Procedurally, the Court states as follows.  This

1  case has a lengthy procedural history.  Plaintiff applied for
2  Title II and Title VXI benefits on March 7, 2017, alleging an
3  onset date of January 1, 2014.  In support of her application
4  for disability benefits, Plaintiff claims disability based on
5  a number of physical and mental impairments including
6  fibromyalgia, degenerative disc disease, Meniere's disease,
7  chronic obstructive pulmonary disease, also referred to as
8  COPD, depression, anxiety, and post-traumatic stress
9  disorder, also referred to as PTSD.
10          Plaintiff's applications were initially denied on
11 May 16th of 2017.  Following a hearing, Administrative Law
12 Judge Paul D. Barker, Jr. issued an unfavorable decision on
13 May 22 of 2019.  After the Appeals Council denied Plaintiff's
14 request for review on July 14th of 2020, Plaintiff commenced
15 a proceeding in the Northern District of New York.  On
16 February 8 of 2022, I remanded the case for further
17 administrative proceedings for proper evaluation of the
18 medical opinion evidence.  My prior remand order can be found
19 at *Myers v. Kijakazi*, that's found at 3:20-cv-1080, at docket
20 number 17-1, and that was filed on February 10th of 2022.
21 Following the resulting remand order from the Appeals
22 Council, Plaintiff participated in a telephonic hearing on
23 April 30th of 2021 before ALJ Barker, Jr.  The ALJ issued a
24 partially favorable decision on November 7th of 2022.  This
25 decision became the Commissioner's final determination on

1   January 7th of 2023.  This action challenging the unfavorable
2   portion of the ALJ's decision was commenced on January 24 of
3   2023 and it is timely.
4           In his November 7, 2022 decision at issue in this
5   case, the ALJ first determined that Plaintiff met the insured
6   status requirements of the Social Security Act through
7   December 31 of 2019, and then commenced the familiar
8   five-step test for determining disability.
9           At step one, the ALJ concluded that Plaintiff had
10  not engaged in substantial gainful activity since the amended
11  alleged onset date of January 1 of 2015.  Plaintiff's brief
12  uses an alleged onset date of January 1, 2014.  See docket
13  number 9 at 3.  But Plaintiff's letter amending the onset
14  date to January 1, 2015 is in the record.  See Transcript at
15  658 and 808.  There was also discussion during the hearing
16  regarding a separate administrative denial that found no
17  disability through May 5 of 2016.  See Transcript 658 and
18  page 701.  But the Court does not need to resolve the dispute
19  about the onset date to decide this case here today.
20          At step two, the ALJ concluded that Plaintiff had
21  the following severe impairments:  Fibromyalgia, degenerative
22  disc disease of the cervical spine, anxiety, depression and
23  PTSD.  The ALJ also found that a number of other impairments,
24  including Plaintiff's Meniere's disease and vertigo, were
25  non-severe.

1        At step three, the ALJ concluded that Plaintiff did
2   not have an impairment or combination of impairments that met
3   or medically equaled the severity of one of any listed
4   impairments.  In making that determination, the ALJ expressly
5   considered the following listings:  Listing at 1.15 dealing
6   with disorders of the skeletal spine; listing at 12.04,
7   dealing with depressive, bipolar, and related disorders;
8   listing at 12.06 dealing with anxiety and
9   obsessive-compulsive disorders; and listing at 12.15 dealing
10  with trauma and stressor-related disorders.
11       Next, the ALJ determined that Plaintiff has the
12  residual functional capacity, also referred to as RFC, to
13  perform less than the full range of light work.
14  Specifically, the ALJ found Plaintiff can lift, carry, push
15  and pull 20 pounds occasionally and 10 pounds frequently.
16  The ALJ further found that Plaintiff can stand and walk for
17  six hours of an eight-hour workday with standard breaks, can
18  sit for six hours of an eight-hour workday with standard
19  breaks, and can occasionally stoop, climb ramps and stairs,
20  balance, kneel, crawl and crouch, but can never climb
21  ladders, ropes and scaffolds.  The ALJ also found Plaintiff
22  can frequently reach, handle, and finger, but must avoid
23  concentrated exposure to extreme cold, extreme heat,
24  humidity, pulmonary irritants, and vibrations, and must never
25  be exposed to unprotected heights or dangerous unprotected

1  machinery.  With regard to mental health impairments, the ALJ
2  found Plaintiff can understand, remember, and carry out
3  simple tasks but not at an assembly line rate, can make
4  simple work-related decisions, can have occasional
5  work-related interactions with co-workers, supervisors, and
6  the general public, and can handle occasional changes in the
7  work setting.
8           At step four, the ALJ relied on the vocational
9  expert testimony to determine that Plaintiff has been unable
10 to perform any past relevant work since January 1 of 2015.
11          Again relying on the vocational expert testimony,
12 the ALJ found that, considering Plaintiff's age, education,
13 work experience, and RFC, that there were jobs existing in
14 significant numbers in the national economy that she could
15 have performed prior to December 26th of 2020.  After
16 December 26th of 2020, Plaintiff was 55 years old and her age
17 category changed to, quote, "an individual of advanced age."
18 Due to this change, the ALJ found there were no jobs existing
19 in significant numbers in the national economy that Plaintiff
20 could perform after December 26th of 2020.
21          Accordingly, the ALJ found that Plaintiff was not
22 disabled from her alleged onset date through December 26th of
23 2020, but that Plaintiff became disabled as of December 26th
24 of 2020.
25          I'll next turn to the arguments by Plaintiff in

1  these proceedings and in her briefs.  As you know, this
2  Court's functional role in this case is limited and extremely
3  deferential.  I must determine whether correct legal
4  principles were applied and whether the determination is
5  supported by substantial evidence, which is defined as such
6  relevant evidence as a reasonable mind would find sufficient
7  to support a conclusion.  As the Second Circuit noted in
8  *Brault v. Social Security Administration Commissioner*, found
9  at 683 F.3d 443, a 2012 case, this standard is demanding and
10 more so than the clearly erroneous standard.  The Court noted
11 in *Brault* that once there is a finding of fact, that fact can
12 be rejected only if a reasonable factfinder would have to
13 conclude otherwise.
14         Now, the Plaintiff raises four primary contentions
15 in this proceeding.  First, Plaintiff argues that the ALJ
16 erred in evaluating the medical opinion evidence,
17 particularly in his application of the treating physician
18 rule to opinions from Plaintiff's long-time primary care
19 physician.  Second, Plaintiff argues that the ALJ failed to
20 properly evaluate Plaintiff's need for a sit-stand option.
21 Third, Plaintiff argues that the ALJ failed to properly
22 evaluate Plaintiff's mental health impairments.  And fourth,
23 Plaintiff argues that the ALJ failed to properly evaluate
24 Plaintiff's limitations with regard to work pace and
25 attendance.

1               The Court's going to begin its analysis by stating
2      the following.  This Court finds that remand for further
3      administrative findings is required in this case to properly
4      evaluate the medical opinion and other evidence of
5      Plaintiff's functional limitations for the period between her
6      alleged onset date and December 26th of 2020 due to three
7      significant errors by the ALJ in this case.  First, the ALJ
8      failed to comply with this Court's February 8th of 2022
9      remand order.  Second, the ALJ failed to satisfy the
10     requirements of the treating physician rule.  And third, the
11     ALJ failed to properly evaluate Plaintiff's fibromyalgia in
12     accordance with SSR 12-2p and the relevant case law.
13              The Court continues in this analysis by pointing
14     that Dr. Darlene Denzien, Plaintiff's long-time primary care
15     physician, opined in March of 2019 that Plaintiff was limited
16     to sitting for three to four hours per day, that Plaintiff
17     could not stand -- excuse me, that Plaintiff could stand or
18     walk for only one hour per day, and that Plaintiff needed to
19     change positions from sitting to standing every 15 minutes.
20     In my February 8, 2022 order, I found that this opinion was
21     uncontroverted, and that the ALJ had erred by assigning it
22     little weight without marshaling the, quote, "overwhelmingly
23     compelling" evidence required by the controlling case law.
24     For example, *Riccobono v. Saul*, 796 F. App'x 49, a Second
25     Circuit 2020 case.  I therefore remanded for further

1    administrative proceedings for the ALJ to reevaluate the
2    medical opinion evidence and analyze the evidence of
3    Plaintiff's ability to sit or stand and her need to change
4    positions in accordance with the overwhelmingly compelling
5    standard and the relevant regulations and case law.
6             On remand, ALJ Barker did not identify any new
7    opinion evidence addressing Plaintiff's ability to sit,
8    stand, or her need to change positions during the workday.
9    Neither of the parties have identified any new relevant
10   opinion evidence, and this Court's review of the record has
11   not divulged any such opinions.  Therefore, Dr. Denzien's
12   opinion regarding Plaintiff's ability to sit, stand, and need
13   for a sit-stand option remains uncontroverted, and the ALJ
14   was still required to marshal overwhelmingly compelling
15   evidence to dismiss it, in accordance with the relevant case
16   law and as directed by my previous order.
17            Instead, the ALJ's November 7, 2022 decision
18   provided minimal valid explanation for assigning, quote,
19   "limited weight," to Dr. Denzien's March 2019 opinion.
20   Rather than identifying the overwhelmingly compelling
21   evidence to justify this limited weight, the ALJ makes a
22   blanket statement that, and I quote, "the opined sitting,
23   standing, waking, shifting positions, off task, and
24   absenteeism limitations are not consistent with the evidence
25   of record as a whole."  This cursory analysis fails to

1  satisfy this Court's November 8, 2022 order, which alone
2  presents grounds for remand.  See *Sullivan v. Hudson*, 490
3  U.S. 877, at page 885, a 1989 U.S. Supreme Court case.  And
4  therein, I quote, "The district court's remand order will
5  often include detailed instructions concerning the scope of
6  the remand.  Deviation from the Court's remand order in the
7  subsequent administrative proceedings is itself legal error,
8  subject to reversal on further judicial review."  See also
9  *Diana P. v. Saul*, that's at 3:19-cv-593.  That is a
10 Magistrate Hummel case, found at 2020 WL 3971536, at page 6,
11 Northern District of New York, July 14th of 2020 decision.
12 And therein Judge Hummel collected various cases addressing
13 compliance with judicial remand orders.
14          The ALJ's failure to follow this Court's remand
15 order is just one part of a broader failure to properly apply
16 the treating physician rule.  The record demonstrates that
17 Dr. Denzien was Plaintiff's primary care physician for
18 approximately twenty years, including treatment for
19 fibromyalgia and management of her psychiatric medication.
20 In addition to multiple opinions prepared while Plaintiff's
21 claim has been pending, Dr. Denzien also provided a written
22 submittal explaining her experience assisting patients with
23 mental health symptoms, despite lacking a psychiatric
24 specialization.
25          The ALJ recognized that the treating physician rule

applied to Plaintiff's benefits claims, which were filed prior to March 27th of 2017. The treating physician rule reflects the generally accepted view that the continuity of treatment a treating physician provides and the doctor/patient relationship that she develops place her in a unique position to make a complete and accurate diagnosis of a patient. For that reason, the Second Circuit includes the quote, "frequency, extent, nature, and length of treatment," as a factor that an ALJ must consider when assigning lesser weight to a treating physician opinion.

In this case, the ALJ recognized Dr. Denzien's lengthy treatment relationship but speculated, quote, "that the long relationship may have created bonds of loyalty to the claimant that could have resulted in Dr. Denzien providing opinions more favorable to the claimant's disability than the objective findings and treatment records would otherwise support." The ALJ cites no record evidence to support this accusation. It is well established that an ALJ's mere conjecture that a treating physician is sympathetic to a patient is not an acceptable basis for ignoring the treating physician's views, and is in and of itself grounds for remand. See *Moss v. Astrue*, 555 F.3d, 556, at page 560, that's a Seventh Circuit 2009 case, remanding where ALJ speculated that treating physician's opinion, quote, "may have been made to help the Plaintiff in

1   a pending legal matter."  See also *Oomen versus Berryhill*,
2   16-cv-3556, and that is found at 2017 WL 1386355, at page 13,
3   and that's a Southern District of New York, April 17th of
4   2017 case.  And in that case the court remanding where ALJ
5   attributed the opinions expressed in the treating physician's
6   report to sympathy for Plaintiff.
7           The ALJ compounds his erroneous review of the
8   treating physician opinion by relying on Plaintiff's factual
9   misstatement at her April 2021 hearing that Dr. Denzien,
10  quote, "retired about five or six years ago."  Plaintiff's
11  counsel immediately corrected this misstatement at the
12  hearing, and it is clearly contradicted by treatment records
13  from Dr. Denzien dated as recently as January of 2019.
14  Immediately after Plaintiff testified that Dr. Denzien had
15  been retired for five or six years, Plaintiff's counsel
16  informed the ALJ that Dr. Denzien had changed practices, and
17  Plaintiff's brief includes a link to the physician's current
18  office website.  See Transcript pages 710 to 711; also see
19  docket number 9 at page 14, note 1.  After January 2019,
20  other staff at the former practice took over Plaintiff's
21  care.  See Transcript at 563, 613, and 1066.  The ALJ also
22  failed to explain how Dr. Denzien's supposed retirement
23  impacted the validity of her opinions of Plaintiff's
24  functional limitations.
25          In addition to speculating about Dr. Denzien's

motivation and the scope of recent treatment, the ALJ appears to have relied upon his lay interpretation of the medical record when he emphasized a lack of objective clinical evidence supporting Dr. Denzien's opinions.  This approach not only violates the treating physician rule, but also merits remand because many of Plaintiff's functional limitations stem from her diagnosed fibromyalgia.

The Court notes, quote, "Persons afflicted with fibromyalgia may experience severe and unremitting musculoskeletal pain, accompanied by stiffness and fatigue due to sleep disturbances, and yet have normal physical examinations."  *See case of White v. Commissioner of Social Security*, at 5:14-cv-1140, and that is a Judge Suddaby case found at 2016 WL 2865724, at page 5, Northern District of New York, issued April 21, 2016, and the report recommendation adopted therein at 2016 WL 2858859, Northern District of New York, May 16 of 2016.  The Commissioner's guidance on the evaluation of fibromyalgia at SSR 12-2p expresses similar caution.  Therefore, the ALJ's repeated emphasis on the contrast between objectively normal clinical results for Plaintiff's gait, reflexes, muscle strength, and range of motion and Dr. Denzien's restrictive opinion does not constitute substantial evidence.  See *Lisa v. Secretary of Department of Health and Human Services*, 940 F.2d 40, at page 44, Second Circuit 1991 case.  And therein the Court

1  stated, quote, "In stark contrast to the unremitting pain of
2  which fibromyalgia patients complain, physical examinations
3  will usually yield normal results; a full range of motion, no
4  joint swelling, as well as normal muscle strength and
5  neurological reactions."  Similarly, the ALJ's reference to
6  Plaintiff's childcare responsibilities forms a, quote, "very
7  weak basis" to reject the treating source opinion,
8  particularly in light of treatment notes suggesting that the
9  physical and emotional demands of caring for her grandson
10 aggravated many of Plaintiff's fibromyalgia symptoms.  See
11 case *Mallery v. Berryhill*, 3:17-cv-587.  That is a Magistrate
12 Judge Peebles case, 2018 WL 1033284, at page 4, Northern
13 District of New York, February 22 of 2018.
14         Accordingly, remand is necessary for the ALJ to
15 evaluate Plaintiff's RFC in accordance with this Court's
16 order, the treating physician rule, and the appropriate
17 review standards for fibromyalgia.  Reconsideration of these
18 issues will necessarily impact the other discrete challenges
19 to the ALJ's determination as outlined in Plaintiff's brief.
20         This remand for further administrative proceedings
21 shall do nothing to disturb the ALJ's determination that
22 Plaintiff is entitled to disability benefits beginning on
23 December 26 of 2020, and that favorable determination is not
24 subject to review in the administrative proceedings conducted
25 on remand.  Despite this being the second judicial remand by

1  this Court, this Court further finds that the extraordinary
2  remedy of remand for calculation of benefits would be
3  inappropriate at this time.
4        As a result, Plaintiff's motion for judgment on the
5  pleadings is granted; defendant's motion for judgment on the
6  pleadings is denied; and the matter is reversed and remanded
7  to the Commissioner pursuant to sentence four of Title 42,
8  United States Code, Section 405(g) for further proceedings
9  consistent with this decision and order.
10        That constitutes the Court's decision, reasoning
11  and analysis.  I will have this order transcribed and then
12  append it to an order that will be filed in the docket.
13        That concludes our proceeding for today.
14  Mr. Gorton, anything further for today's proceeding?
15        MR. GORTON:  Nothing.  Thank you, your Honor.
16        THE COURT:  Mr. Peters, anything else for today?
17        MR. PETERS:  No, your Honor.  Thank you very much.
18        THE COURT:  All right.  Everyone have a good rest
19  of the day and enjoy the beginning of spring, I hope.  Take
20  care.
21              *              *              *

C E R T I F I C A T I O N

I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*Eileen McDonough*

EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter